UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVIN BOUYER

    Plaintiff,

v.                                                                                                  CASE NUMBER:

ROY GRINAPELL

    Defendants.
_____/

## **NOTICE OF REMOVAL**

Defendant, ROY GRINAPELL, ("Defendant"), through its undersigned attorneys, submit this Notice of Removal and requests that the case entitled ALVIN BOUYER Plaintiff, v. ROY GRINAPELL Defendant, which was filed as Case No. 21-CA-0084440 in the Circuit Court of the Thirteenth Judicial Circuit, In and For Hillsborough County, Florida, be removed to the United States District Court, Middle District of Florida, Tampa Division. In support of this Removal, Defendant advises the Court as follows:

    1.    Plaintiff's Complaint was filed in the Hillsborough County, Florida, Circuit Court on October 21, 2021. The Complaint, along with a copy of all process, pleadings and orders in the state court, are attached as Exhibit A.

2. ROY GRINAPELL was served with the Complaint on January 5, 2022, at his residence located at 67 Highwood Avenue, Tenafly, New Jersey, 07670. See Return of Service on ROY GRINAPELL, Exh. A, p. 4, showing service at this address.

3. In addition to the Complaint and Summons, discovery has been filed in the state court by Plaintiff, but no other proceedings have occurred in the state court action and no additional pleadings have been filed.

4. The state court action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Specifically, Plaintiff was a resident of the state of Florida at the time the state court action was commenced and remains a resident of the state of Florida as of the date of filing this Notice. See Exh. A, p. 1, Complaint, ¶ 2.

6. Defendant ROY GRINAPELL, is a resident and citizen of the State of New Jersey whose permanent domicile is located at 67 Highwood Avenue, Tenafly, New Jersey, 07670. (See Affidavit of ROY GRINAPELL, Exhibit B, ¶3-

4) Thus, ROY GRINAPELL is a resident and citizen of New Jersey pursuant to 28 U.S.C.A. § 1332(c).

7. ROY GRINAPELL is not, and never has been, a resident or citizen of Florida. (Exh. B, ¶2)

8. There is complete diversity of citizenship as to all parties in conformance with 28 U.S.C.A. § 1332.

9. The amount in controversy exceeds $75,000 (Seventy-Five Thousand Dollars) as required by 28 U.S.C.A. § 1332(a). Specifically, on July 21, 2021, the Plaintiff, ALVIN BOUYER, sent a formal demand for settlement to ROY GRINAPELL and his property insurance carrier, asserting and providing medical records and bills showing that Mr. Bouyer had already incurred medical expenses in excess of $127,108.02 that were alleged to be caused by the accident in this case. (Exhibit C, P. 8.)

10. "In determining the amount in controversy, the Court should first look to the face of the complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). If the amount in controversy is "not facially apparent from the complaint, then the court should look to the notice of removal," along with other relevant evidence." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

11. Based upon the allegations set forth in Plaintiff's Complaint, in its entirety, and the Plaintiff's demand and incurred medical bills (Exhibit C), the evidence fully supports a conclusion that Plaintiff is seeking damages to be awarded in excess of the jurisdictional minimum of this Court. Therefore, subject matter jurisdiction is vested in this Court.

12. Venue is properly in the Tampa Division of the Middle District of Florida, pursuant to M.D.L.R. 1.04(a) and 28 U.S.C. §1441(a). This case was filed in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Therefore, the Tampa Division is the proper Court for removal of this case.

13. This Notice of Removal is being timely filed, as the Summons and Complaint was served on ROY GRINAPELL on January 5, 2022. (Exh. A, Affidavit of Service, p. 4)

14. A copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, together with a Notice of Filing Notice of Removal pursuant to 28 U.S.C. 1446(d).

15. A copy of this Notice of Removal, together with a Notice of Filing Notice of Removal, is being served on Plaintiff pursuant to 28 U.S.C. 1446(d).

16. No previous application for the relief sought in the Notice of Removal herein has been made to this or any other Court.

17. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January 2022, I electronically filed the foregoing by using the CM/ECF System, and I certify that I have served a copy of the same in this action on counsel of record by U.S. Mail, addressed as follows: David A. Papa, Esq., Papa & Gipe, P.A., 1724 Gulf to Bay Blvd., Clearwater, FL 33755 and by electronic mail to dpapa@papaandgipe.com.

*/s/ Susan M. Wilson*

SUSAN M. WILSON, ESQUIRE
Florida Bar Number: 545740
Email: swilson@ogdensullivan.com
CALEB M. COTE, ESQUIRE
Florida Bar Number: 1002946
Email: ccote@ogdensullivan
OGDEN & SULLIVAN, P.A.
5422 Bay Center Drive, Suite 100
Tampa, FL 33609-3420
(813) 223-5111 Telephone
(813) 229-2336 Facsimile
Attorneys for Defendant Roy Grinapell